UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARILYN BRACE,

    Plaintiff,

v.                                                        Case No: 8:15-cv-823-T-36TGW

AIG CENTENNIAL INSURANCE
COMPANY,

    Defendant.
_____/

## **ORDER**

THIS MATTER comes before the Court upon the Plaintiff's Motion for Remand (Doc. 15) and Defendant's response thereto (Doc. 16). The Court, having considered the motion and being fully advised in the premises, will grant Plaintiff's Motion for Remand.

**I.**    **Procedural History**

In December of 2008, Plaintiff Marilyn Brace ("Brace") filed single-count complaint seeking Uninsured Motorists ("UM") benefits against Defendant AIG Centennial Insurance Company ("AIG") in the Circuit Court in Hillsborough County, Florida, as Case No. 08-28473. Doc. 15 ¶ 1. Four years later, on December 18, 2012, an order was entered setting the case for trial in June of 2013. Doc. 16 at p.1.

On April 16, 2013, Brace filed a Motion seeking leave to amend her complaint against AIG by adding Count II for failure to act in good faith pursuant to Florida Statute § 624.155. Doc. 15 ¶ 3. On May 14, 2013, the Circuit Court entered an Order which simultaneously (1) granted Plaintiff's Motion for Leave to Amend Complaint; (2) abated the newly asserted Count II for failure to act in good faith, acknowledging that it would be premature until after a verdict was issued on Count I; and (3) retained jurisdiction to adjudicate Count II following the verdict in the

underlying claim. *Id*. ¶ 4. AIG appealed this ruling to Florida's Second District Court of Appeals ("the Second DCA"). *See id*. ¶¶ 9-10. AIG also filed an answer and affirmative defenses to the Amended Complaint, on June 7, 2013. *Id.* ¶ 7.

On June 19, 2013, following a trial on Count I, a jury returned a verdict in favor of Brace and against AIG on Count I of the Amended Complaint in the amount of $1,380,318.55. *Id*. ¶ 5. On November 25, 2013, the Circuit Court entered partial final judgment in favor of Plaintiff, reserving jurisdiction to preside over the trial of Count II of Plaintiff's Amended Complaint and to further amend the partial final judgment pending the outcome of that claim. *Id*. ¶ 8.

On April 6, 2015, the Second DCA issued a Mandate affirming the Circuit Court's ruling abating Count II. *Id*. ¶¶ 9-10. On the same day, Defendant AIG filed its Notice of Removal in this Court, seeking removal of the still-pending Count II. *See* Doc. 1.

## II. Standard of Review

It is without dispute that Federal Courts are courts of limited jurisdiction, and therefore, removal statutes are to be strictly construed with all doubts resolved in favor of remand. *Moultroup* v. *GEICO General Insurance Company*, 858 F. Supp. 2d 1342 (S.D. Fla. 2012) (citing *University of S. Ala*. v. *American Tobacco Co.*, 168 F. 3d 405, 411 (11th Cir. 1999); *Shamrock Oil & Gas Corp*. v. *Sheets*, 313 U.S. 100, 108-109 (1941)). As such, the removing party bears the burden of proving that subject matter jurisdiction exists over the removed action and establishing compliance with the removal statute requirements. *Williams* v. *Best Buy Company*, 269 F. 3d. 1316 (11th Cir. 2001).

## III. Discussion

### A. Subject Matter Jurisdiction

Request for removal by Defendant was based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, which provides the District Courts with subject matter jurisdiction over all civil actions in which a matter in controversy exceeds seventy-five thousand dollars ($75,000.00) and the citizenship of the parties is completely diverse. Here, the parties do not dispute that the elements of diversity jurisdiction exist. Plaintiff is a citizen of Florida and AIG is a citizen of Pennsylvania and Delaware. *See* Doc. 1 ¶¶ 13-14; Doc 15 ¶ 12. Furthermore, the Amended Complaint states that the action contemplates damages in excess of the "tortfeasor's B/I coverage of $100,000/$300,000." Doc. 2 ¶ 3. Accordingly, there are sufficient allegations to support this Court's subject matter jurisdiction over this case.

### B.     Timing of Removal

The timeliness of removal is controlled by 28 U.S.C. § 1446(b), which provides as follows:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

The Defendant asserts, and Plaintiff does not dispute, that the original action was not removable because Plaintiff's original complaint, seeking policy limits of $25,000.00, did not establish that the amount in controversy would be in excess of $75,000.00. Thus, 28 U.S.C. § 1446(c), applies:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

Plaintiff's Amended Complaint (Doc. 2) filed on April 16, 2013, explicitly states that "this action contemplates damages in excess of tortfeasor's B/I coverage of $100,000/$300,000." Doc

2 ¶ 3. Thus, Plaintiff argues that the thirty-day limitations period began to run when the Amended Complaint was filed, and expired on May 16, 2013 – almost two years before the instant action was removed.

Defendant, on the other hand, argues that while Count I may have been removable upon the filing of the Amended Complaint, Count II was not removable because it was immediately abated by the Court. According to AIG, Plaintiff's bad faith claim is "separate and independent" from Plaintiff's UM claim and, the separate and independent action for bad faith did not commence until the bad faith claim became ripe and accrued. *Id*. ¶ 16. Plaintiff responds that the bad faith claim became ripe at least by the time the Circuit Court entered judgment on Count I. AIG, however, waited over a year after that judgment was entered to remove the action – until after the Second DCA ruled on AIG's appeal of the Order abating the good faith claim.

Defendant is correct that the bad faith claim did not accrue until the UM claim was resolved. *See Blanchard v. State Farm Mut. Auto. Ins. Co.,* 575 So. 2d 1289, 1291 (Fla. 1991); *State Farm Mut. Auto. Ins. Co. v. O'Hearn,* 975 So. 2d 633, 635-36 (Fla. 2d DCA 2008). However, it does not necessarily follow that the claim was not removable until after the UM claim was resolved.

In *Barroso v. Allstate Prop. & Cas. Ins. Co.,* 958 F. Supp. 2d 1344 (M.D. Fla. 2013) the district court held that the amendment of a complaint to add a claim for bad faith does not reset the clock for purposes of removal. In contrast, at least two judges in the Middle District of Florida have found that the bad faith claim may be removed within thirty days of the filing of the pleading which first asserted it – even though the bad faith claim was not necessarily ripe at the time of the amendment. *See, e.g., Lahey v. State Farm Mut. Auto. Ins. Co.,* No. 8:06-cv-1949-T-27TBM, 2007 WL 2029334 (M.D. Fla. July 11, 2007); *Thorne* v. *State Farm Mutual Automobile Insurance*

4

*Company*, 8:14-cv-827-T-17AEP, 2015 WL 809530 (M.D. Fla. Feb. 25, 2015). Were this Court to adopt the reasoning of either *Barroso* or *Lahey* and *Thorne*, removal would be untimely here because the action was removed nearly two years after the amended complaint was filed and over six years after the original complaint was filed.

AIG, however, argues for a third option: that this Court hold that the time for removal of the bad faith claim did not begin until the "conclusion of the underlying action for insurance benefits, including any appeals." Doc. 16 at p. 6. Defendant has offered no legal authority to support this position. Even if the Court were to agree that the time for removal of the bad faith action commenced when that claim became ripe, that date would have been when the judgment on the UM claim became final – not when the Second DCA issued its opinion on Defendant's appeal of the abatement of the bad faith claim. The judgment on the UM claim was entered on November 25, 2013 and the time for appeal of that judgment expired thirty days later, on Thursday, December 26, 2013. The appeal that was pending before the Second DCA had nothing to do with the UM claim and could not have affected the finality of that judgment. In fact, it would appear that the appeal became moot on December 26, 2013 when the UM judgment became final, if not before then. In any event, there is no legal justification for holding that Defendant's time to remove the action did not begin until the Second DCA issued its decision on the abatement issue. Therefore, the deadline for removal of the bad faith claim would, at the very latest, have fallen on Monday, January 27, 2014. As noted, Defendant chose not to remove the action until April 6, 2015, well outside any conceivably permissible timeframe under section 1446. Accordingly, it is hereby

**ORDERED AND ADJUDGED that**:

1. Plaintiff's Motion for Remand (Doc. 15) is **GRANTED**.

2. This case is **REMANDED** to the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, for all further proceedings.

3. The Clerk is directed to (1) mail a certified copy of this Order to the Clerk of the Thirteenth Judicial Circuit, Hillsborough County, Florida and (2) close this file.

**DONE AND ORDERED** in Tampa, Florida on June 18, 2015.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any